## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BEVERLY ZIMMERMAN, SAMUEL AND SHANNON COLBY, RAYMOND AND ROSALIE ESPINOZA, KEVIN RIGGLE, DEBRA HILTON, and ROCHELLE RADLINSKI, On Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-1062-JTN-ESC |
| | Judge Janet T. Neff |
| THE 3M COMPANY (f/k/a MINNESOTA MINING AND MANUFACTURING CO.), a Delaware Corporation, WOLVERINE WORLD WIDE, INC., a Delaware Corporation, WASTE MANAGEMENT, INC., a Delaware Corporation; and WASTE MANAGEMENT OF MICHIGAN, INC., a Michigan Corporation, | Magistrate Judge Ellen S. Carmody |
| Defendants. | |

## DEFENDANT 3M COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS UNTIL AFTER A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON PENDING MOTIONS FOR TRANSFER

**TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES................................................................................................ii, iii

INTRODUCTION ................................................................................................................ 1

BACKGROUND .................................................................................................................. 2

ARGUMENT........................................................................................................................ 3

      A.      A Stay Would Serve the Interests of the Courts and the Public Interest by Conserving Judicial Resources and Avoiding Duplicative Litigation if the Cases Are Centralized in an MDL.......................................................................... 4

      B.      The Balance of Harms Favors Granting A Stay Because A Stay of This Case Would Not Prejudice Plaintiffs, But 3M Would Be Burdened Absent a Stay..................................................................................................................... 6

      C.      The Requested Stay Will Be Brief........................................................................ 8

CONCLUSION.................................................................................................................... 9

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Abshire v. Davol, Inc.*, 2018 WL 2538746 (S.D. Ohio June 4, 2018) ......................................3, 4

*Ackerman v. 3M Co.*, No. 18-cv-117 Dkt. 21 (E.D. Wash. Oct. 29, 2018) ....................................1

*Adamo v. Port Auth. of New York.*, No. 17-cv-7131, Dkt. 55 (S.D.N.Y. Sept. 20, 2018)..............5

*Adamo v. Port Auth. of New York*, No. 17-cv-7131, Dkt. 62 (S.D.N.Y. Oct. 10, 2018) ................1

*Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft*, 48 F. Supp. 2d 37 (D.D.C. 1999).....................4

*Alves v. Prospect Mortg., LLC*, 2013 WL 5755465 (D. Mass. Oct. 22, 2013)...............................8

*Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762 (E.D. Pa. May 7, 1992) .....4, 8

*Anderson v. 3M Co.*, No. 18-cv-769, Dkt. 36 (D. Del. Oct. 18, 2018) ...........................................1

*Animal Sci. Prod., Inc. v. Hebei Welcome Pharm. Co.*, 2005 WL 3555926
(E.D.N.Y. Dec. 23, 2005) ................................................................................................................6

*In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*,
MDL No. 2873, Dkt. No. 1 ..............................................................................................................2

*Ayo v. 3M Co.*, No. 18-cv-373, Dkt. 68 (E.D.N.Y. Oct. 14, 2018)................................................1

*Barnstable Cnty. v. 3M Co.*, No. 17-cv-40002, Dkt. 147 (D. Mass, Oct. 25, 2018)......................1

*Bearup v. Pfizer, Inc.*, 2015 WL 9266908 (E.D. Mich. Dec. 16, 2015) ....................................3, 4

*Cirulli v. Bausch & Lomb, Inc.*, 2009 WL 545572 (E.D. Pa. Mar. 4, 2009) .................................7

*City of Lake Elmo v. 3M Co.*, 16-cv-2557, Dkt. 94 (D. Minn. Oct. 31, 2018) ..............................1

*City of New Castle v. Purdue Pharma L.P.*, 2018 WL 3438841
(E.D. Pa. July 16, 2018)........................................................................................................4, 5, 7, 8

*Clinton v. Jones*, 520 U.S. 681, 707 (1997)...................................................................................3

*Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053
(N. D. Cal. 2004)...............................................................................................................................3

*D's Pet Supplies, Inc. v. Microsoft Corp.*, 2000 WL 34423492 (E.D. Mich. May 19, 2000) .....3, 8

*Emerald Coast Utilities Auth. v. 3M Co.*, No 18-cv-1445, Dkt. 27 (N.D. Fla. Oct. 17, 2018)........1

ii

*Glazer v. Whirlpool Corp.*, 2008 WL 4534133 (N.D. Ohio Oct. 6, 2008) ......................................6

*Green v. The 3M Company*, No. 2:17-cv-2566, Dkt. 35 (E.D.N.Y. Jan. 12, 2018)........................5

*Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421 (D.N.J. 2003) ......................................7

*In re Ivy*, 901 F.2d 7 (2d Cir. 1990) ......................................6

*Mick v. GlaxoSmithKline, PLC*, 2008 WL 4147555 (W.D.N.Y. Sept. 2, 2008) ............................7

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ......................................5

*Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367 (S.D.N.Y. 2013) ..............4, 8

*Sevilla v. Boston Sci., Inc.*, 2013 WL 6179185 (E.D. Pa. Nov. 26, 2013)......................................6

*St. Martin Invs., Inc. v. Bandit Indus., Inc.*, 2017 WL 6816506 (W.D. Mich. Aug. 30, 2017) .......3

*Vermurlen v. Ameriquest Mortg. Co.*, 2007 WL 3104339 (W.D. Mich. Oct. 22, 2007) .................3

*Werner v. Eich Motor Company, Inc.*, No. 16-cv-396, 2016 WL 3024053
(D. Minn. May 25, 2016) ......................................3

**Statutes**

28 U.S.C. § 1332(d)(4) ......................................5

28 U.S.C. § 1407......................................2

28 U.S.C. § 1407(a) ......................................5

**Rules**

Rule 12(b)(6)......................................3

**Other Authorities**

Multidistrict Lit. Manual (2018) § 3:15......................................3

Ann. Manual for Complex Lit. § 22.35 (4th ed. 2018)......................................5

Multidistrict Litigation Manual § 4:27 (2012 ed.) ......................................8

## INTRODUCTION

Defendant 3M Company ("3M") respectfully moves to stay all proceedings in the above-captioned case pending a decision by the Judicial Panel on Multidistrict Litigation (the "JPML") regarding transfer to a multidistrict litigation before one federal court (the "MDL") of all actions involving 3M and sale of per- or polyfluoroalkyl substances ("PFAS") or other PFAS-containing products to third parties or 3M's manufacture, management, or disposal of PFAS in connection with its manufacturing facilities.

On September 27, 2018, Defendant 3M filed a motion seeking to transfer this case and 83 other PFAS-related cases to a single MDL ("MDL Motion"). The JPML has scheduled the MDL Motion for hearing on November 29, 2018, and almost always issues its decision within a week of the hearing date. Courts regularly stay proceedings pending a transfer decision by the JPML to conserve judicial resources and to allow the MDL judge to decide all pending legal, scheduling, and other issues on a uniform basis. Indeed, numerous courts around the country have already granted similar motions to stay other PFAS-related actions that are subject to transfer to an MDL judge if the MDL Motion is granted.[1]

Here, a short stay pending a transfer decision by the JPML would conserve judicial resources and allow the MDL judge to decide all pending legal, scheduling, and other issues on a uniform basis. Further, Plaintiffs will not be prejudiced by a brief stay pending the JPML decision. Conversely, absent a stay, 3M would be prejudiced insofar as it would be forced to spend time and resources litigating this action. Accordingly, 3M respectfully requests that this

---

[1] *See, e.g.*, *City of Lake Elmo v. 3M Co.*, 16-cv-2557, Dkt. 94 (D. Minn. Oct. 31, 2018); *Ackerman v. 3M Co.*, No. 18-cv-117 Dkt. 21 (E.D. Wash. Oct. 29, 2018). *Barnstable Cnty. v. 3M Co.*, No. 17-cv-40002, Dkt. 147 (D. Mass, Oct. 25, 2018); *Anderson v. 3M Co.*, No. 18-cv-769, Dkt. 36 (D. Del. Oct. 18, 2018); *Emerald Coast Utilities Auth. v. 3M Co.*, No 18-cv-1445, Dkt. 27 (N.D. Fla. Oct. 17, 2018); *Adamo v. Port Auth. of New York*, No. 17-cv-7131, Dkt. 62 (S.D.N.Y. Oct. 10, 2018); *Ayo v. 3M Co.*, No. 18-cv-373, Dkt. 68 (E.D.N.Y. Oct. 14, 2018).

1

Court enter an order staying all proceedings in this case pending the JPML's disposition of the MDL Motion.

## BACKGROUND

This lawsuit arises out of the alleged contamination of drinking water from waste disposed by Wolverine. 3M allegedly supplied Wolverine with a PFAS-based product called Scotchgard that Wolverine used to manufacture footwear. Plaintiffs allege that their private wells and municipal water supplies have been contaminated with PFAS as a result of Wolverine's disposal practices.

Many other PFAS-related cases have been filed in federal district courts around the country. The number of federal court filings and the districts involved has been steadily growing, and many of the cases are now proceeding beyond initial motion practice and into discovery, making it impractical and highly inefficient to continue litigating these related matters in courts scattered around the country. On September 25, 2018, Defendants Tyco Fire Products LP and Chemguard, Inc. filed a motion before the JPML, seeking to centralize 75 related cases under 28 U.S.C. § 1407 for coordinated pretrial proceedings. *See In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*, MDL No. 2873, Dkt. No. 1. Each of these cases involved a PFAS-containing product called Aqueous Film-Forming Foam ("AFFF"). On September 27, 2018, Defendant 3M filed its own MDL motion and joinder in the MDL motion filed by Tyco Fire Products LP and Chemguard, Inc., seeking to transfer the AFFF-related cases as well as 9 additional cases (including this case) which involve alleged PFAS contamination from sources other than AFFF. *Id.*, Dkt. No. 4. Both motions are currently pending before the JPML and are anticipated to be on the JPML's November 29, 2018 hearing docket.

This case is in its very preliminary stages, and a brief stay would not prejudice Plaintiffs. Wolverine has filed a motion to dismiss—which is pending before the Court—based on the Class Action Fairness Act's ("CAFA's") local controversy exception. *See* Dkt. 51. No defendants have answered or moved to dismiss under Rule 12(b)(6), and no discovery has been conducted in the case.

## ARGUMENT

It is well settled that district courts have the power to stay proceedings. *See St. Martin Invs., Inc. v. Bandit Indus., Inc.*, 2017 WL 6816506, at *1 (W.D. Mich. Aug. 30, 2017) ("District courts have broad discretion to stay proceedings pursuant to their inherent authority to control their dockets.") (citing *Clinton v. Jones*, 520 U.S. 681, 707 (1997)). "Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML seeking coordinated pretrial proceedings." *Abshire v. Davol, Inc.*, 2018 WL 2538746, at *2 (S.D. Ohio June 4, 2018) (citing cases); *see also*, *e.g.*, Multidistrict Lit. Manual (2018) § 3:15 ("District courts have . . . readily stayed proceedings pending a Panel decision."); *Bearup v. Pfizer, Inc.*, 2015 WL 9266908, at *1 (E.D. Mich. Dec. 16, 2015) ("the interests of judicial economy and fairness are best served by staying the present matter pending the decision of the Judicial Panel on Multidistrict Litigation"); *D's Pet Supplies, Inc. v. Microsoft Corp.*, 2000 WL 34423492, at *1 (E.D. Mich. May 19, 2000) (similar); *cf. Vermurlen v. Ameriquest Mortg. Co.*, 2007 WL 3104339, at *1 (W.D. Mich. Oct. 22, 2007) (granting stay pending MDL court's disposition of motion to transfer tag-along case). A stay where a motion is pending before the JPML "provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Werner v. Eich Motor Company, Inc.*, No. 16-cv-396 (ADM/LIB), 2016 WL 3024053, at *3 (D. Minn. May 25, 2016) (citing *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N. D. Cal. 2004)).

In considering whether to grant a stay pending a decision by the JPML, courts generally have considered three factors: (1) the promotion of judicial economy, (2) the duration of the requested stay, and (3) the balance of harm to the parties. *Abshire* , 2018 WL 2538746, at *2 (citing cases); *accord City of New Castle v. Purdue Pharma L.P.*, 2018 WL 3438841, at *2 (E.D. Pa. July 16, 2018). Here, all of these considerations strongly favor a stay.

**A.      A Stay Would Serve the Interests of the Courts and the Public Interest by Conserving Judicial Resources and Avoiding Duplicative Litigation if the Cases Are Centralized in an MDL.**

The first factor—whether a stay would promote judicial economy—counsels in favor of a stay. Courts have repeatedly recognized that judicial economy is best served by granting a stay pending the JPML's decision. *See, e.g.*, *Bearup*, 2015 WL 9266908, at *1 ("the interests of judicial economy and fairness are best served by staying the present matter pending the decision of the Judicial Panel on Multidistrict Litigation"); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 373 (S.D.N.Y. 2013) ("[C]ourts in this Circuit have recognized that stays pending transfer will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice." (internal quotations omitted)); *Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft*, 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (granting defendant's motion to stay the case "pending resolution by the Judicial Panel on Multidistrict Litigation of defendants' motion to consolidate and transfer this and other related cases" because,"[g]iven the potential for common and overlapping issues in many of these cases, . . . such a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred"); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) (stay pending JPML decision was appropriate because "duplicative motion practice and discovery proceedings demonstrate that judicial economy … weigh[s] heavily in favor of the stay"). The central purpose of multidistrict litigation is to coordinate the pretrial

4

management of similar actions in a "just and efficient" manner. 28 U.S.C. § 1407(a); *see* Ann. Manual for Complex Lit. § 22.35 (4th ed. 2018) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.").

Allowing this case to proceed during the brief period before the JPML has made its transfer determination would undermine that purpose by requiring this Court to "needlessly expend[] its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In the absence of a stay, this Court likely would have to expend resources considering the pending CAFA motion to remand, which involves issues that eventually will likely be addressed by the MDL court as well. *See City of New Castle*, 2018 WL 3438841, at *3 ("[E]ntering the stay is likely to promote judicial efficiency and consistency in decision making, especially since Plaintiffs' Motion to Remand raises issues likely to arise in other cases pending in the … MDL transferee court."). Similar CAFA issues have already arisen in other cases subject to the proposed MDL and are likely to arise in additional cases that will be filed in the future and be subject to the proposed MDL.[2] The MDL court would be well positioned to consider questions like the application of CAFA's local controversy exception, avoiding duplication, waste of resources and potentially conflicting determinations.

---

[2]    In pending cases in the Southern District of New York, for example, Judge Karas—prior to the filing of the MDL Motion—denied motions to remand based in part on the argument that the case fell within CAFA's "local controversy" exception, 28 U.S.C. § 1332(d)(4). *E.g.*, *Adamo v. Port Auth. of New York.*, No. 17-cv-7131, Dkt. 55 (S.D.N.Y. Sept. 20, 2018). Similar issues have arisen in the Eastern District of New York. There, Judge Seybert—also prior to the filing of the MDL Motion—denied the motion to remand as well. *Green v. The 3M Company*, No. 2:17-cv-2566, Dkt. 35 (E.D.N.Y. Jan. 12, 2018). As noted above, Judge Karas and Judge Seybert have both now granted motions to stay the PFAS-related proceedings before them pending the JPML's disposition of the MDL Motion. *See* footnote 1 *supra*.

As other courts have recognized, courts generally should defer ruling on pending motions to remand or other jurisdictional issues pending the JPML's decision, so that if the JPML transfers the case to an MDL court, that court can rule on such motions. *See In re Ivy*, 901 F.2d 7, 9–10 (2d Cir. 1990) (where the jurisdictional issue in question is easily capable of arising in more than one court, consistency as well as economy is served by transferring cases as to which remand motions are pending to MDL court so that "the jurisdictional objections can be heard and resolved by a single court"); *Sevilla v. Boston Sci., Inc.*, 2013 WL 6179185, at *1 (E.D. Pa. Nov. 26, 2013) (staying cases with pending motions to remand pending JPML's decision on transfer because "these jurisdictional issues could be presented to the transferee judge"). The Court should follow that guidance here, as the pending motion to dismiss on CAFA grounds raises issues also presented in other AFFF cases pending in other federal courts.

Accordingly, the Court should stay this action pending a transfer decision by the JPML because doing so would conserve the Court's resources and serve the public interest.

**B.    The Balance of Harms Favors Granting A Stay Because A Stay of This Case Would Not Prejudice Plaintiffs, But 3M Would Be Burdened Absent a Stay.**

Plaintiffs would not be prejudiced if the Court stays this case. If, as is likely, the JPML transfers this case to one court for MDL proceedings, then that court will resolve pretrial matters in this case and every other case in the MDL. In the unlikely event that the MDL Motion is not granted, then this case can proceed in this Court after only a very brief delay. Moreover, a stay would not prejudice Plaintiffs because no merits discovery has occurred and the case remains in its early stages. *See, e.g.*, *Glazer v. Whirlpool Corp.*, 2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008) (recognizing that "a stay of proceedings pending the MDL Panel's decision on the motion to transfer will not significantly prejudice the Plaintiff" when "[t]he action has not progressed beyond the early stages of litigation . . ."); *Animal Sci. Prod., Inc. v. Hebei Welcome Pharm. Co.*,

2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) ("[A]ny stay relative to the MDL Panel's decision will be relatively short in duration and will not prejudice plaintiffs."). Indeed, as other courts have found, plaintiffs as well as courts and defendants enjoy the benefits of MDL coordination. *See Cirulli v. Bausch & Lomb, Inc.*, 2009 WL 545572, at *3 (E.D. Pa. Mar. 4, 2009) ("Considering the number of actions that are pending in the district courts, I find that the harm to individual plaintiffs … is outweighed by the potential prejudice to [defendants] and the possible cost and time efficiencies each plaintiff would enjoy from coordinated litigation.").

In contrast, 3M would be prejudiced if a stay is not entered. 3M is currently litigating PFAS-related lawsuits across the country. The purpose of an MDL is to coordinate all pretrial proceedings in related actions before a single court, to reduce the cost and inefficiency of litigating these claims in multiple jurisdictions, ensure consistent decisions on overlapping issues, and help streamline discovery. Allowing this case to proceed on a separate track for the brief period before the JPML's decision would frustrate these goals. *See Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003) ("[T]he heavy financial burden on [defendants] borne by having to defend [themselves] in multiple fora . . . is a clear hardship weighing in favor of staying [an] action until the MDL Panel renders its decision.").

Additionally, without a stay, 3M could encounter conflicting decisions from different courts (including the MDL court itself)—an outcome that could be avoided by a brief stay pending a transfer decision by the JPML. *See City of New Castle*, 2018 WL 3438841, at *3 ("[D]efending duplicative lawsuits with the risk of inconsistent outcomes … is overtly prejudicial."); *see also Mick v. GlaxoSmithKline, PLC*, 2008 WL 4147555, at *6 (W.D.N.Y. Sept. 2, 2008) ("Rather than have the potential for inconsistent decisions on the common issue [underlying multiple motions to remand], th[ese] action[s] should be stayed pending action on

the transfer to the MDL Court."); *Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) ("Courts have expressed concerns that any decisions made before the MDL Panel rules on the transfer application could be contradicted by another court or might need to be relitigated.") (internal quotes omitted).

Thus, the granting of a brief stay pending the JPML's decision would impose no real prejudice on Plaintiffs, but would alleviate the serious prejudice 3M would face by having to simultaneously litigate similar allegations in multiple courts all over the country.

Thus, the balance of harm to the parties clearly counsels in favor of a stay.

### C.      The Requested Stay Will Be Brief.

As noted, the JPML will likely decide 3M's MDL Motion shortly after its November 29, 2018 hearing. *See City of New Castle*, 2018 WL 3438841, at \*3 ("The JPML is typically prompt in determining whether to transfer a matter."); *see also* Multidistrict Litigation Manual § 4:27 (2012 ed.) ("In most cases, the [JPML] decides the matter before it within a short period after arguments are held or after the briefing is completed if the parties waive oral argument."). Thus, the stay requested here is likely to be brief—scarcely more than a month. In the unlikely event that the MDL Motion is not granted, this case can go forward in this Court after only a very brief delay. Thus, this factor clearly counsels in favor of a stay. *See, e.g.*, *D's Pet Supplies*, 2000 WL 34423492, at \*1 (granting stay where "it appeared that a decision would soon be forthcoming from the MDL Panel"); *Am. Seafood, Inc.*, 1992 WL 102762, at \*1 (granting a stay where "there will be no extended delay" because "[t]he stay which the Court orders will only be in effect until the JPML issues its decision."); *Alves v. Prospect Mortg., LLC*, 2013 WL 5755465, at \*3 (D. Mass. Oct. 22, 2013) (granting motion to stay filed on September 23, 2013 where "the JPML's December 5 hearing session is not far off and … the JPML may well render a decision relatively quickly").

## CONCLUSION

For the foregoing reasons, 3M respectfully requests that the Court enter an order staying all proceedings in this case until the JPML rules on the pending MDL Motion.

DATED: November 9, 2018         Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
*Attorneys for Defendant The 3M Company*

By: */s/ Robert L. DeJong*
    Robert L. DeJong (P12639)
    Joseph M. Infante (P68719)
    99 Monroe Avenue NW, Suite 1200
    Grand Rapids, MI  49503
    (616) 454-8656
    dejong@millercanfield.com
    infante@millercanfield.com

32438317.2\151741-00002

9