UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY ZIMMERMAN, *on behalf of herself and all others similarly situated*, et al.,

    Plaintiffs,

v.

3M COMPANY, f/k/a Minnesota Mining & Manufacturing Co., et al.,

    Defendants.
_____/

Case No. 1:17-cv-1062

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

    Pending before the Court is Defendant Wolverine World Wide's Motion on Jurisdiction under CAFA,[1] 28 U.S.C. § 1332(d), entertained pursuant to the Court's Order (ECF No. 42) following an April 11, 2018 Status Conference in this case.  After the motion was briefed, the Court granted Defendant 3M Company's Motion to Stay all Proceedings until after a Decision by the Judicial Panel on Multidistrict Litigation (JPML) on Pending Motions for Transfer (Order, ECF No. 112).  Following the JPML's Decision denying transfer of this case (ECF No. 115), on February 27, 2019, the Court lifted the stay and granted Plaintiffs' request for supplemental briefing on Defendant Wolverine's CAFA Jurisdiction Motion in order to address new developments in the litigation (ECF No. 118).  Having considered the parties' submissions and related litigation now pending in federal court, the Court finds no basis for the decline of jurisdiction over this case under § 1332(d).

---

[1] Class Action Fairness Act of 2005

Wolverine's CAFA Jurisdiction Motion requested that the Court decline jurisdiction and dismiss this case pursuant to 28 U.S.C. § 1332(d)(4), the CAFA "local controversy" exception," under which district courts "shall" decline jurisdiction over a class action where: (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case. *See* 28 U.S.C. § 1332(d)(4).

Wolverine asserts that when it filed its CAFA Jurisdiction Motion, this action was the only putative class action pending in federal court against Wolverine asserting claims based on alleged PFAS contamination in northern Kent County, Michigan, although other putative class actions had been filed around the country against Co-Defendant 3M making similar factual allegations regarding PFAS water contamination in other communities (ECF No. 119 at PageID.5748-5749).

Wolverine states, however, that two specific events have occurred that affect the CAFA analysis (*id*. at PageID.5747).  First, on November 20, 2018, Defendant 3M removed a substantially similar putative class action to this Court, *Johns et al. v. Wolverine World Wide, Inc., et al.*, Case No. 1:18-cv-1302.  Second, on December 4, 2018, a third substantially similar putative class action was filed in the U.S. District Court for the District of Delaware, *Henry v. Wolverine World Wide, Inc., et al.*, Case No. 1:18-cv-1924.  Wolverine acknowledges that each of those class actions asserts "the same or similar factual allegations" as this case regarding PFAS contamination

of groundwater and drinking water in Kent County and historical disposal practices (*id*. at PageID.5749).

Wolverine states although the *Johns* and *Henry* class actions do not defeat the application of the local controversy exception, those cases cannot be dismissed under CAFA's local controversy exception under controlling Sixth Circuit precedent (ECF No. 119 at PageID.5747). Thus, regardless whether the local controversy exception applies to *Zimmerman* (this case), dismissal is not likely to result in judicial economy as Plaintiffs' counsel may well either re-file a parallel proceeding in state court or substitute a new putative class representative and file a new complaint in federal court (*id*. at PageID.5751). And, this Court will still have one (*Johns*), and possibly two *(Henry)*, nearly identical putative class actions before it (*id*.), since Wolverine intends to seek the transfer of *Henry* to this Court (*id*. at PageID.5748).

Plaintiffs and Defendant 3M contend that the local controversy exception is inapplicable because the allegations in this case are quite similar to those in earlier-filed class action cases, including at least ten such putative class actions in which the plaintiffs, as in this case, assert claims against 3M based on alleged water contamination from PFOS and/or PFOA allegedly attributable to 3M (*see* ECF No. 121 at PageID.5815, 5817; ECF No. 122 at PageID.5842). Thus, the requirements of § 1332(d)(4) are not met. 3M Company states that a similar local controversy argument was rejected in *Adamo v. Port Authority of New York and New Jersey*, No. 7:17-cv-7131 (S.D.N.Y.), *Fogarty v. Port Authority of New York and New Jersey*, No. 7:17-cv-7134 (S.D.N.Y.), and *Miller v. Port Authority of New York and New Jersey*, No. 7:17-cv-7136 (S.D.N.Y.)—three of the ten earlier-filed putative class cases that Plaintiffs and 3M identified in opposition to Wolverine's motion to dismiss here.

In fact, not only are there numerous cases involving PFOS and/or PFOA contamination pending throughout the country, as cited by the parties and evidenced by the JPML's Transfer Order (ECF No. 113), but there are also now five cases directly pending before the undersigned, including the *Johns* class action, which have been determined to be related or cognate cases to this case as a result of the underlying PFAS/PFOS and/or PFOA contamination issues: *Zimmerman et al. v. 3M Company et al.*, 1:17-cv-1062 (W.D. Mich.); *Michigan Department of Environmental Quality v. Wolverine World Wide, Inc.*, 1:18-cv-39 (W.D. Mich.); *Dykehouse et al. v. 3M Company et al.*, 1:18-cv-1225 (W.D. Mich.); *Johns et al. v. Wolverine World Wide, Inc. et al.*, 1:18-cv-1302 (W.D. Mich.); *Wolverine World Wide, Inc. v. American Insurance Co. et al.*, 1:19-cv-10 (W.D. Mich.).

CAFA was enacted to broaden the availability of diversity-jurisdiction for class-action suits and promote judicial efficiency. *See Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 910 (6th Cir. 2017). There is no dispute that declining jurisdiction over this case would not promote judicial economy. Moreover, the local controversy exception should be narrowly construed by resolving any doubt about its applicability against the party seeking remand. *Id*. In light of these principles and the circumstances acknowledged above, the Court concludes that Wolverine's Motion on Jurisdiction under CAFA is properly denied.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant Wolverine's Motion on Jurisdiction under CAFA, 28 U.S.C. § 1332(d) (ECF No. 51) is DENIED.

**IT IS FURTHER ORDERED** that the hearing on the CAFA Motion scheduled for March 28, 2019 is CANCELLED.

**IT IS FURTHER ORDERED** that Defendants shall not later than April 10, 2019 file Answers/responsive pleadings to Plaintiffs' Complaint or renewed Pre-Motion Conference Requests.

Dated: March 20, 2019

/s/ Janet T. Neff
JANET T. NEFF
United States District