UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY ZIMMERMAN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE 3M COMPANY f/k/a Minnesota Mining and Manufacturing Co., et al.,

Defendants.

Case No. 1:17-cv-1062

Hon. Hala Y. Jarbou

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Therese Cooper, Dennis Gregory, Malia Gregory, Paul Groenendal, Rosalyn Ingham, Nancy James (individually and as trustee of the Nancy I. James Trust), Theodore James, Megan Johns, Michael Johns, Michelle Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust), and Terry Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust) (collectively "Plaintiffs") and Defendants Wolverine Worldwide, Inc. ("Wolverine") and The 3M Company ("3M") (collectively, "Defendants" and with Plaintiffs, collectively, the "Parties"), by and through their undersigned attorneys, hereby submit this proposed Stipulated Order for Preliminary Approval of Class Action Settlement:

WHEREAS, the Court reviewed and considered the Motion for Preliminary approval and supporting materials filed by Class Counsel;

WHEREAS, this Court has fully considered the record and requirements of law; and good cause appearing;

IT IS THIS <u>19th</u> day of <u>September</u>, 2022 ORDERED that the Settlement is hereby PRELIMINARILY APPROVED.  The Court further ORDERS as follows:

1. The Court has subject matter jurisdiction under 28 USC § 1332(d), and venue is proper in this District.

2. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members and the Defendants.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations over a lengthy period of time. This Settlement is not the result of collusion.

5. The proceedings and extensive discovery that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately assess this case's strengths and weaknesses and accordingly structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6. The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the standards for preliminary approval under Fed. R. Civ. P. 23(e)(2). Accordingly, the Court preliminarily approves all terms of the Settlement and its accompanying Exhibits.

7. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> **Settlement Class**: All Persons who are or were owners of Real Property located within the North Kent Study Area, who owned that property as of November 1, 2017, and who were not supplied with drinking water from a municipal water source as of November 1, 2017; provided, however, that the "Settlement Class" shall not include Excluded Persons. The Settlement Class consists of three settlement subclasses: Settlement Subclass 1: Municipal Water Extension; Settlement Subclass 2: Filtration Systems; and Settlement Subclass 3: Other.

Pursuant to Fed. R. Civ. P. 23(c), the Court further conditionally certifies, for settlement purposes only, the following Settlement Subclasses:

> **Settlement Subclass 1: Municipal Water Extension:** All Settlement Class Members who are or were owners of Real Property located within the North Kent Study Area and who owned that property as of November 1, 2017, and were transitioned to municipal water, or are scheduled to transition to municipal water, under the EGLE/Wolverine Consent Decree.
>
> **Settlement Subclass 2: Filtration Systems**: All Settlement Class Members who are or were owners of Real Property located within the North Kent Study Area and who owned that property as of November 1, 2017, and were offered or received a filtration system from Wolverine or its agents pursuant to the EGLE/Wolverine Consent Decree to treat their well-sourced water and who are not members of Settlement Subclass 1: Municipal Water Extension
>
> **Settlement Subclass 3: Other:** All Settlement Class Members who are not in Settlement Subclass 1: Municipal Water Extension or Settlement Subclass 2: Filtration Systems and who are or were owners of Real Property located within the North Kent Study Area and who owned that property as of November 1, 2017.
>
> Excluded from the Settlement Class and Subclasses are Excluded Persons, defined as:
>
> (i) any Person who has timely and validly excluded himself, herself or itself from the Settlement Class, in accordance with Section 13 of this Agreement; (ii) any Person (other than Plaintiffs) who has previously filed a claim against any Defendant alleging a PFAS-related injury or illness, including without limitation a spousal derivative claim, or seeking medical monitoring or property damages, related to the presence of PFAS in any environmental media or drinking water in the North Kent Study Area, on or at their property in the North Kent Study Area, and/or in their persons, including without limitation the claims filed in the consolidated litigation captioned *In re Nylaan Litigation*, No. 17-10176 CZ, in the

Circuit Court for the County of Kent, Michigan, excluding any previous Plaintiffs to this Action who were dismissed without prejudice under Federal Rule of Civil Procedure 41; (iii) Defendants, any entity or division in which any Defendant has a controlling interest, Defendants' respective legal representatives in this Action, and their respective officers, directors, assigns and successors; (iv) the judge to whom this Action is assigned, any member of the judge's immediate family and the judge's staff, or any other judicial officer or judicial staff member assigned to this case; (v) any Class Counsel, including their partners, members, and shareholders, and any immediate family members of Class Counsel; (vi) any State, including without limitation the United States, or any of its agencies; and (vii) Plainfield Township, Algoma Township, or any other local governmental entity or agency or public or quasi-public entity.

8. The Court hereby conditionally appoints the following Plaintiffs as Class Representatives for the Settlement Class and Subclasses:

> **Settlement Class Representatives**: Therese Cooper, Dennis Gregory, Malia Gregory, Paul Groenendal, Rosalyn Ingham, Nancy James (individually and as trustee of the Nancy I. James Trust), Theodore James, Megan Johns, Michael Johns, Michelle Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust), and Terry Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust)
>
> **Settlement Subclass 1 Representatives: Municipal Water Extension:**
>
> Therese Cooper, Dennis Gregory, Malia Gregory, Megan Johns, Michael Johns, Michelle Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust), and Terry Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust).
>
> **Settlement Subclass 2 Representative: Filtration Systems**
>
> Rosalyn Ingham
>
> **Settlement Subclass 3 Representatives: Other**
>
> Paul Groenendal, Nancy James (individually and as trustee of the Nancy I. James Trust), and Theodore James.

9. The Court finds that the Class and Subclass Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and Subclasses, and the interests of the Class and Subclass Representatives are not antagonistic to those

of the Settlement Class or Subclasses. The Class and Subclass Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10.     The Court has reviewed and finds that the content of the proposed Notice Forms attached as Exhibits D and E to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement Website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice Forms and Claim Form.

11.     As set forth in more detail below and in addition to any other deadlines set forth in this Order, the Court orders the following deadlines:

| Event | Deadline |
| --- | --- |
| Notice Date | 30 days after Preliminary Approval |
| Opt Out Deadline & Objection Deadline | 45 days after Notice Date (i.e., 75 days after Preliminary Approval) |
| Claim Deadline | 90 days after Notice Date (i.e., 120 days after Preliminary Approval) |
| Deadline for filing motions for Final Approval Order and approval of Plaintiffs' Service Awards and Class Counsel attorneys' fees and costs awards | 45 days after Claim Deadline (i.e., 165 days after Preliminary Approval) |
| Final Approval Hearing | No earlier than 30 days after the filing of the motion for a Final Approval Order (i.e., no earlier than 195 days after Preliminary Approval) |

12.     The Court further approves the proposed methods for giving notice of the Settlement to members of the Settlement Class and Subclasses, as reflected in the Settlement Agreement.  The Court has reviewed the plan for distributing Notice to the Settlement Class and finds that the Settlement Class Members will receive the best notice practicable under the circumstances.  The Court specifically approves the Parties' proposal that within thirty (30) days after Preliminary Approval, or by the time specified by the Court, the General Administrator shall

5

commence the Notice Program, including by mailing the Notice Form in such form as is approved by the Court.  The General Administrator shall transmit the short Notice Form, substantially in the form attached to the Settlement Agreement as Exhibit E, via direct mail or electronic mail to all addresses of Real Properties in the North Kent Study Area who were not supplied with drinking water from a municipal water source as of November 1, 2017.  The long Notice Form will be posted on the Settlement Website.  The Notice Program shall consist of direct mail; internet; digital media impressions; a national press release; and a community outreach effort.  The General Administrator shall maintain a Settlement Website containing the Proposed Third Amended Complaint, this Agreement, the long Notice Form, Plaintiffs' motion seeking preliminary approval, the Preliminary Approval Order, Plaintiffs' motion seeking a Final Approval Order, the Final Approval Order, the Claim Form, and such other documents as the Parties agree to post or that the Court orders posted.  The Settlement Website will also provide the capability for Settlement Class Members to submit claims online from the website.  These documents shall remain on the Settlement Website for at least six months after the Effective Date.  The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

13. The Court appoints Angeion Group, LLC as the General Administrator.  The Parties are hereby authorized to retain the General Administrator to supervise and administer the Notice procedure as well as the processing of Claims.

14. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and Subclasses and hereby conditionally appoints

Sharon Almonrode of the Miller Law Firm, P.C. and Esther Berezofsky of Motley Rice LLC as Co-Lead Class Counsel.

15. To become eligible to receive Settlement Class Member Payments pursuant to the Settlement Agreement, Claimants must submit a Claim Form and, if necessary, supporting documents, to the General Administrator during the Enrollment Period. The Enrollment Period shall commence on the Notice Date and shall conclude on the Claim Deadline (90 days after the Notice Date). Claim Forms postmarked on the Claim Deadline shall be deemed timely filed.

16. A Settlement Class Member may make an Objection by serving on the Parties and the Court a timely and valid statement of Objection that complies with the Objection procedure described in the Notice Form. Class Counsel shall file all such Objections with the Court at least thirty (30) days prior to the Final Approval Hearing.

   a. To be timely and valid, a statement of Objection must be postmarked or received on or before the Objection Deadline and must include: (i) the full name, current address, and telephone number of the objector; (ii) a statement of the facts that make the objector a Settlement Class Member; (iii) a statement describing all of the objector's challenges to this Agreement or the Settlement and the reasons for those challenges; (iv) all of the papers and evidence the objector intends to submit in support of those challenges; (v) a statement of whether the objector intends to appear at the Final Approval Hearing; (vi) the signature of the objector; (vii) a statement that the objector is willing to be deposed, upon request, on a mutually acceptable date at least ten (10) days before the Final Approval Hearing; (viii) the caption of each case in which the objector or counsel representing the objector have objected to a class action settlement within the preceding five years and a copy of all orders related to or ruling upon those objections; and (ix) all agreements that relate to the Objection, whether written or verbal, between or among the objector, counsel for the objector, and/or any other Person.

   b. To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the court, and must also serve a copy thereof upon the following, postmarked or received no later than 45 days after the Notice Date (the Objection Deadline):

   **Class Counsel**:

   Esther Berezofsky
   Motley Rice, LLC

      210 Lake Drive East, Suite 101
      Cherry Hill, NJ 08002

      Sharon S. Almonrode
      The Miller Law Firm, P.C.
      950 W. University Dr., Suite 300
      Rochester, MI 48307

      and

      **<u>Defense Counsel</u>**

      Michael D. Daneker
      Arnold & Porter Kaye Scholer LLP
      601 Massachusetts Ave. NW
      Washington, DC 20001

      Daniel L. Ring
      Michael A. Olsen
      Mayer Brown LLP
      71 South Wacker Drive
      Chicago, IL 60606

      Unless the Court orders otherwise, only those Settlement Class Members whose statements of Objection express an intention to appear at the Final Approval Hearing shall have the right to present their Objections orally at the Final Approval Hearing.

    c. A Settlement Class Member that does not submit a timely and valid Objection shall have waived, and shall be foreclosed from making, any challenge to the Settlement Agreement in the Action or any other proceeding.

17. Plaintiffs and Defendants shall have the right, but not the obligation, to respond to any timely-filed Objection no later than seven (7) days prior to the Final Approval Hearing. Any Party who wishes to respond shall file a copy of the written response with the Court, and shall serve a copy, by hand or overnight delivery, to the objecting Settlement Class Member (or counsel for the objecting Settlement Class Member) and by email to counsel for Plaintiffs and/or Defendants.

18. A Settlement Class Member may Opt Out by submitting to the General Administrator a timely and valid request that complies with the Opt Out procedure described in the Notice Form. The Opt Out period shall run for forty-five (45) days from the Notice Date.

   a. To be timely and valid, an Opt Out request must have been submitted on or before the Opt Out Deadline with the submission date verified by postmark or email receipt and must include: (i) the full name, current address, and telephone number of the requestor; (ii) a statement of the facts that make the requestor a Settlement Class Member; (iii) a statement requesting exclusion from the Settlement Class; and (iv) the signature of the requestor.

   b. Any Settlement Class Member that submits a timely and valid Opt Out request shall not: (i) be bound by any orders or judgments entered in the Action to implement and effectuate the Settlement Agreement; (ii) be entitled to any of the relief or other benefits provided under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to submit an Objection.

   c. Any Settlement Class Member that does not submit a timely and valid Opt Out request submits to the jurisdiction of the Court and shall be bound by the terms of this Agreement and by all orders and judgments in the Action to implement and effectuate the Settlement Agreement, regardless of whether or not such Settlement Class Member submits a Claim Form.

   d. No "mass" or "class" Opt Out requests shall be valid, and no Settlement Class Member may submit an Opt Out request on behalf of any other Settlement Class Member; provided, however, that a Settlement Class Member who is the legal guardian, trustee, or power of attorney of another Settlement Class Member may submit an Opt Out request on behalf of such other Settlement Class Member.

   e. Any Settlement Class Member that submits an Opt Out request may revoke the request by submitting to the General Administrator a statement of revocation with a verified submission date no later than thirty (30) days after the Opt Out Deadline; provided, however, that Class Counsel shall have discretion to extend this deadline on a case-by-case basis.

   f. As soon as practicable and no later than fifteen (15) days after the Claim Deadline, the General Administrator shall furnish the Parties with a final list of all timely and valid Opt Out requests that have been submitted.

   g. Any Class Member who submits a timely Opt Out request may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

19. Any member of the Settlement Class failing to properly and timely submit a written Opt Out request shall be automatically included in the Settlement Class and shall be bound by all of the terms and provisions of the Settlement Agreement, including but not limited to the release, and the Final Order and Judgment.

20. Any motions for a Final Approval Order and approval of Plaintiffs' Service Awards and attorneys' fees and costs awards shall be filed within forty-five (45) days after the Claim Deadline.

21. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a hearing will be held on <u>March 29, 2023, at 10:00 AM,</u> to consider final approval of the Settlement (the "Fairness Hearing" or "Final Approval Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representative of the Settlement Class, (c) the designation of Class Counsel for the Settlement Class, and (d) the Settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs, and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and General Administrator's websites.

22. Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly Opt Out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the

Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

23. In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and void and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.  If the Settlement Agreement is not finally approved, no Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits.  Each Party reserves the right to prosecute or defend this Action in the event that this Agreement does not become final and binding. This Action shall thereupon revert immediately to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement.

24. The Court shall retain continuing and exclusive jurisdiction over the Parties, the Settlement Class Members, and this Agreement, to interpret, implement, administer and enforce the Agreement in accordance with its terms, and, as appropriate, to award attorneys' fees and expenses to Class Counsel and make awards to the Plaintiffs in connection with their representation of the Settlement Class and Settlement Subclasses.

25. Pending final determination of the Settlement Agreement, all proceedings in this Action other than the settlement approval proceedings shall be stayed.

IT IS SO ORDERED.

Dated: September 19, 2022

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE