# Exhibit 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY ZIMMERMAN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE 3M COMPANY f/k/a Minnesota Mining and Manufacturing Co., et al.,

Defendants.

Case No. 1:17-cv-1062

Hon. Hala Y. Jarbou

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND SERVICE AWARDS**

THIS MATTER, having come before the Court for consideration of Plaintiffs' Unopposed Motion for Attorneys' Fees, Litigation Costs and Service Awards ("Fee Motion");

WHEREAS, Defendants The 3M Company f/k/a Minnesota Mining and Manufacturing Co., et al. ("3M") and Wolverine WorldWide, Inc. ("Wolverine") (collectively "Defendants") and Plaintiffs Therese Cooper, Dennis Gregory, Malia Gregory, Megan Johns, Michael Johns, Michelle VanWuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa VanWuffen Trust), Terry VanWuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle

Lisa VanWuffen Trust), Rosalyn Ingham, Paul Groenendal, Nancy James, (individually and as Trustee of the James Nancy I Trust), and Theodore James (collectively "Plaintiffs") reached a Class Settlement (the "Settlement");

WHEREAS the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on September 19, 2022 (the "Preliminary Approval Order") (ECF No. 623) and directed the Parties to provide notice to the Class of the proposed Settlement and Final Approval Hearing by regular mail and pursuant to the approved Notice Plan, which included a dedicated website, toll-free number and a targeted media plan.

WHEREAS, the Court-appointed General Administrator, Angeion Group LLC ("Angeion") effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS Plaintiffs submitted their Unopposed Fee Motion on March 3, 2023.

WHERAS, on March 29, 2023, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and

adequate, whether the Settlement should be granted final approval by the Court; and whether the Court should grant Plaintiffs' Unopposed Fee Motion; and

WHEREAS, the Parties having appeared at the Final Approval Hearing;

THEREFORE, after reviewing the Plaintiffs' Unopposed Fee Motion and hearing from the attorneys for the Parties, and for the reasons set forth on the record;

**IT IS ON THIS** \_\_\_\_ day of _____, 2023, **ORDERED AND ADJUDGED** that the Court finds and orders as follows:

1. All terms herein shall have the same meaning as defined in the Settlement Agreement.

2. This Order incorporates and makes part hereof the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation, including all Settlement Class Members.

4. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail. The Court Appointed General Administrator, Angeion, also placed the Notice on the settlement website. Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

5. The Settlement, including the requested fees and expenses, was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. In its Final Order, the Court has determined that the Settlement, including the requested fees and expenses, is fair, reasonable, and adequate, and serves the best interests of the Settlement Class in light of all the relevant factors.

6. The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

7. Class Counsel are hereby awarded attorneys' fees in the amount of one-third (33⅓%) of the Settlement Fund, after deduction of reasonable litigation costs and service awards, or $17,416,825.04, a sum which the Court finds to be fair and reasonable. The attorneys' fees awarded will be paid to Class Counsel by Defendants in accordance with the terms of the Settlement Agreement.

8. Class Counsel are hereby awarded reasonable litigation costs in the amount of $1,514,524.88, a sum which the Court finds to be fair and reasonable. The reasonable litigation costs will be paid to Class Counsel by Defendants in accordance with the terms of the Settlement Agreement.

8. In making this award of attorneys' fees and costs, the Court has considered and found that the requested fee award is reasonable because:

a. Settlement Class Members will benefit significantly from the Settlement that occurred as a result of Class Counsel's efforts;

b. The fee sought by Class Counsel has been reviewed and approved as reasonable by Plaintiffs, who oversaw the prosecution and resolution of the Litigation;

c. Notice was mailed to potential Settlement Class Members stating that Class Counsel would apply for attorneys' fees in an amount not to exceed one-third of the Settlement Fund, reasonable litigation costs, and Service Awards to Class Representatives not to exceed $235,000 in the aggregate;

d. Class Counsel have conducted the Litigation and achieved the Settlement with diligent advocacy against experienced and skilled opposing counsel;

e. The Litigation raised a number of complex factual and legal issues;

f. Had a Settlement not been achieved by Class Counsel, there was a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

    g. The amount awarded for attorneys' fees, and expenses are fair, reasonable, appropriate, and consistent with awards in similar cases; and

    h. The service awards to Plaintiffs, totaling $235,000, are fair, reasonable, appropriate and consistent with service awards in similar cases.

9. Class Representatives in Tier One (as defined in the Settlement Agreement at § 1.ww., ECF No. 617-2, PageID.26867; *see also id.* at § 6.a., PageID.26877-26878), Therese Cooper, Dennis Gregory, Malia Gregory, Megan Johns, Michael Johns, Michelle VanWuffen and Terry VanWuffen, are hereby approved Service Awards of $25,000 each in recognition of their time and efforts on behalf of the Class. Class Representatives in Tier Two (as defined in the Settlement Agreement at § 1.ww., *id.*), Rosalyn Ingham, Paul Groenendal, Nancy James, individually and as Trustee of the James Nancy I Trust, and Theodore James, are hereby approved a Service Award of $15,000 each in recognition of their time and efforts on behalf of the Class. The total aggregate amount of Service Awards totals $235,000, which the Court concludes is a reasonable method of compensating the Class Representatives for the time and effort expended in assisting the prosecution of this litigation and the risks incurred by becoming a litigant.

10. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and cost application shall in no way disturb or affect the finality of the Judgment.

11. The Court finds that no just reason exists for delay in entering this Order. Accordingly, the Clerk is hereby directed to enter this Order.

**IT IS SO ORDERED**

Dated: _____     By: _____
                                                           Judge Hala Y. Jarbou
                                                           United States District Judge