UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY ZIMMERMAN, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE 3M COMPANY f/k/a Minnesota Mining and Manufacturing Co., et al.,<br><br>    Defendants. | Case No. 1:17-cv-1062<br><br>Hon. Hala Y. Jarbou |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A SETTLEMENT CLASS AND APPOINTMENT OF SETTLEMENT COUNSEL**

Plaintiffs Therese Cooper, Dennis Gregory, Malia Gregory, Paul Groenendal, Rosalyn Ingham, Nancy James (individually and as trustee of the Nancy I. James Trust), Theodore James, Megan Johns, Michael Johns, Michelle Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust), and Terry Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust) (collectively "Plaintiffs") and Defendants Wolverine Worldwide, Inc. ("Wolverine") and The 3M Company ("3M") (collectively, "Defendants" and with Plaintiffs, collectively, the "Parties"),

by and through their undersigned attorneys, hereby submit this [Proposed] Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of a Settlement Class and Appointment of Settlement Counsel.

WHEREAS, on September 15, 2022, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement and "preliminarily approve[d] all terms of the Settlement and its accompanying Exhibits," finding that it met the standards of Fed. R. Civ. P. 23(e)(2). *See* Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 623 ¶ 6, PageID.27174 (the "Preliminary Approval Order");

WHEREAS, the General Administrator undertook the Notice Program following the Preliminary Approval Order, including mailing the short Notice Form, establishing a toll-free phone number, and placing relevant documents on the Settlement Website;

WHEREAS, the General Administrator received 1,195 timely-filed Claim Forms during the Enrollment Period, by the Claim Deadline;

WHEREAS, Class Counsel received one timely- and validly-filed objection to the Settlement, pursuant to the Objection procedure described in the Notice form, by William J. Mitchell (ECF No. 627) (the "Mitchell Objection");

WHEREAS, the Court has considered the Mitchell Objection, Class Plaintiffs' Response (ECF No. 629), and Defendants' Response (ECF No. 630);

WHEREAS, Class Counsel received three timely- and properly-filed opt-outs to the Settlement before the Opt Out Deadline (the "Opt Outs"), none of which were revoked, each of which excludes the corresponding individuals from the Settlement Class;

WHEREAS, the three Opt Outs represent a small minority of potential Settlement Class Members and do not affect the Parties' rights to finalize the Settlement;

WHEREAS, Class Counsel have timely filed an Unopposed Motion for Attorneys' Fees, Litigation Costs, and Service Awards, which the Court is separately considering;

WHEREAS, the Court reviewed and considered Plaintiffs' timely-filed Motion for Final Approval of Class Action Settlement, Certification of a Settlement Class and Appointment of Settlement Counsel, the Brief in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of a Settlement Class and Appointment of Settlement Counsel, and supporting materials filed by Class Counsel (together, the "Motion for Final Approval") (ECF Nos. 638, 640);

WHEREAS, Defendants did not oppose Plaintiffs' Motion for Final Approval;

WHEREAS, the Court held a Final Approval Hearing on March 29, 2023, at 10:00 AM, pursuant to Fed. R. Civ. P. 23(e)(2), to consider final approval of the

Settlement, including the Motion for Final Approval, the Mitchell Objection, and the Unopposed Motion for Attorneys' Fees, Litigation Costs, and Service Awards, including the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as representative of the Settlement Class, (c) the designation of Class Counsel for the Settlement Class, and (d) the Settlement; (2) to hear the Mitchell Objection and the Parties' Responses (ECF Nos. 627, 629-30); (3) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs, and the request for awards of Service Awards to Class Representatives; and (4) to consider whether to enter a Final Approval Order.

WHEREAS, this Court has fully considered the record and requirements of law; and good cause appearing:

IT IS THIS  29th  day of  March , 2023 ORDERED that the Settlement is hereby APPROVED.  The Court further ORDERS as follows:

1. The Court has subject matter jurisdiction under 28 USC § 1332(d), and venue is proper in this District.

2. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members and the Defendants.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations over a lengthy period of time. This Settlement is not the result of collusion.

5. The proceedings and extensive discovery that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately assess this case's strengths and weaknesses and accordingly structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6. The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate and meets the standards for final approval under Fed. R. Civ. P. 23(e)(2). This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, in the best interests of the Settlement Class, and meets the standards for final approval under Fed. R. Civ. P. 23(e)(2). The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood

of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. Accordingly, the Court finally approves all terms of the Settlement and its accompanying Exhibits.

7.  The Court has specifically considered the factors relevant to class action settlement approval, including:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

8.  Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court certifies, for settlement purposes only, the following Settlement Class:

> **Settlement Class**: All Persons who are or were owners of Real Property located within the North Kent Study Area, who owned that property as of November 1, 2017, and who were not supplied with drinking water from a municipal water source as of November 1, 2017; provided, however, that the "Settlement Class" shall not include Excluded Persons. The Settlement Class consists of three settlement subclasses: Settlement Subclass 1: Municipal Water Extension; Settlement Subclass 2: Filtration Systems; and Settlement Subclass 3: Other.

Pursuant to Fed. R. Civ. P. 23(c), the Court further certifies, for settlement purposes only, the following Settlement Subclasses:

**Settlement Subclass 1: Municipal Water Extension:** All Settlement Class Members who are or were owners of Real Property located within the North Kent Study Area and who owned that property as of November 1, 2017, and were transitioned to municipal water, or are scheduled to transition to municipal water, under the EGLE/Wolverine Consent Decree.

**Settlement Subclass 2: Filtration Systems**: All Settlement Class Members who are or were owners of Real Property located within the North Kent Study Area and who owned that property as of November 1, 2017, and were offered or received a filtration system from Wolverine or its agents pursuant to the EGLE/Wolverine Consent Decree to treat their well-sourced water and who are not members of Settlement Subclass 1: Municipal Water Extension.

**Settlement Subclass 3: Other:** All Settlement Class Members who are not in Settlement Subclass 1: Municipal Water Extension or Settlement Subclass 2: Filtration Systems and who are or were owners of Real Property located within the North Kent Study Area and who owned that property as of November 1, 2017.

Excluded from the Settlement Class and Subclasses are Excluded Persons, defined as:

(i) any Person who has timely and validly excluded himself, herself or itself from the Settlement Class, in accordance with Section 13 of this Agreement; (ii) any Person (other than Plaintiffs) who has previously filed a claim against any Defendant alleging a PFAS-related injury or illness, including without limitation a spousal derivative claim, or seeking medical monitoring or property damages, related to the presence of PFAS in any environmental media or drinking water in the North Kent Study Area, on or at their property in the North Kent Study Area, and/or in their persons, including without limitation the claims filed in the consolidated litigation captioned *In re Nylaan Litigation*, No. 17-10176 CZ, in the Circuit Court for the County of Kent, Michigan,

excluding any previous Plaintiffs to this Action who were dismissed without prejudice under Federal Rule of Civil Procedure 41; (iii) Defendants, any entity or division in which any Defendant has a controlling interest, Defendants' respective legal representatives in this Action, and their respective officers, directors, assigns and successors; (iv) the judge to whom this Action is assigned, any member of the judge's immediate family and the judge's staff, or any other judicial officer or judicial staff member assigned to this case; (v) any Class Counsel, including their partners, members, and shareholders, and any immediate family members of Class Counsel; (vi) any State, including without limitation the United States, or any of its agencies; and (vii) Plainfield Township, Algoma Township, or any other local governmental entity or agency or public or quasi-public entity.

8. The Court hereby appoints the following Plaintiffs as Class Representatives for the Settlement Class and Subclasses:

**Settlement Class Representatives**: Therese Cooper, Dennis Gregory, Malia Gregory, Paul Groenendal, Rosalyn Ingham, Nancy James (individually and as trustee of the Nancy I. James Trust), Theodore James, Megan Johns, Michael Johns, Michelle Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust), and Terry Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust)

**Settlement Subclass 1 Representatives: Municipal Water Extension:**
Therese Cooper, Dennis Gregory, Malia Gregory, Megan Johns, Michael Johns, Michelle Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust), and Terry Van Wuffen (individually and as trustee of the Terry Alan VanWuffen and Michelle Lisa Van Wuffen Trust).

**Settlement Subclass 2 Representative: Filtration Systems**
Rosalyn Ingham

**Settlement Subclass 3 Representatives: Other**
Paul Groenendal, Nancy James (individually and as trustee of the Nancy I. James Trust), and Theodore James.

9. The Court finds that the Class and Subclass Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class and Subclasses, and the interests of the Class and Subclass Representatives are not antagonistic to those of the Settlement Class or Subclasses. The Class and Subclass Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10. The Court confirms the appointment of Angeion Group, LLC as the General Administrator.

11. The Court finds that the following counsel fairly and adequately represent the interests of the Settlement Class and Subclasses and hereby appoints Sharon Almonrode of the Miller Law Firm, P.C. and Esther Berezofsky of Motley Rice LLC as Co-Lead Class Counsel.

12. The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 617-2, PageID.27000-27004) and the order granting Preliminary Approval (ECF No. 623, ¶¶ 10-12, PageID.27177-27178) – including (i) direct notice and a reminder notice to all known addresses of properties identified within the North Kent Study Area and any additional Settlement Class Member addresses identified for which a valid mailing address could be located via U.S. mail, (ii) the creation of the Settlement Website, (iii) the creation of a toll-free hotline, and (iv) the undertaking of a media plan which included providing Notice of the

Settlement through targeted internet advertising, social media campaigns utilizing Facebook and Instagram, a paid Google search campaign to drive Settlement Class Members to the dedicated Settlement Website, publication notices in local newspapers, and a press release – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

13. The Court finds that Defendants complied with and otherwise discharged their notice and other obligations under the Class Action Fairness Act, 28 U.S.C. § 1715(b).

14. Other than William J. Mitchell, who filed the single timely- and properly-filed Objection, all Settlement Class Members have waived, and shall be foreclosed from making, any challenge to the Settlement Agreement in the Action or any other proceeding.

15. The Objection of William J. Mitchell is denied for the reasons stated on the record and in the Parties' oppositions to that Objection.

16. The three Class Members who submitted the timely- and properly-filed Opt Outs (i) are not bound by any orders or judgments entered in the Action to implement and effectuate the Settlement Agreement; (ii) are deemed to have waived

all rights and benefits under the Settlement Agreement; (iii) are not entitled to any of the relief or other benefits provided under the Settlement Agreement; (iv) do not gain any rights by virtue of the Settlement Agreement; and (v) were not entitled to submit an Objection.

17. Other than the three Opt Outs, all Settlement Class Members (i) submit to the jurisdiction of this Court; (ii) are automatically included in the Settlement Class, (iii) shall be bound by all of the terms and provisions of the Settlement Agreement, including but not limited to the release, and the Final Order and Judgment, and by all orders and judgments in the Action to implement and effectuate the Settlement Agreement, regardless of whether or not such Settlement Class Member submits a Claim Form; and (iv) by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement.

18. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating

(as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

19. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

20. This Action is hereby dismissed with prejudice, without further costs, including claims for interest, penalties, costs, and attorneys' fees.

21. Without affecting the finality of this Order for purposes of enforcement or appeal, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

22. This Court hereby directs entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) and 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order.

IT IS SO ORDERED.

Dated:   March 29  , 2023          /s/ Hala Y. Jarbou
                                   HALA Y. JARBOU
                                   CHIEF UNITED STATES DISTRICT JUDGE